## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JOLISA MCDONALD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO:** |
| **v.** ) | **_____** |
| ) | |
| **HEARTS AND HANDS** ) | |
| **THERAPY SERVICES, INC. and** ) | |
| **CLEAR INVESTIGATIVE** ) | |
| **ADVANTAGE LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

PLAINTIFF JOLISA MCDONALD files this Complaint and states as follows:

1.     Ms. McDonald brings this action against Defendants Hearts and Hands Therapy Services, Inc. ("H&H") and Clear Investigative Advantage LLC ("Clear") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendants regularly conduct business in this district and division and a substantial part of the events giving rise to the claims occurred in this district and division.

4.      Defendant H&H has contracted to supply services or things in Georgia.  It operates a clinic that specializes in therapy services in Georgia.

5.      Defendant Clear has contracted to supply services or things in Georgia.  It sells consumer reports in Georgia and produces consumer reports on Georgia residents.  Defendant also gathers and maintains substantial public records data from Georgia.

## PARTIES

6.       Ms. McDonald is a natural person, a resident of Georgia and a "consumer" as protected and governed by the FCRA.

7.      Defendant H&H is a corporation that regularly conducts business in this District, and has a principal office address listed with the Georgia Secretary of State at 709 Crescent Circle, Canton, GA 30115.

8.      Defendant H&H can be served via its registered agent, James O. Bass, located at 420 Creekstone Ridge, Woodstock, GA  30188.

9.      Defendant Clear is a limited liability company that regularly conducts business in this District, and has a principal office address

10.    Defendant Clear can be served via its registered agent, Clear Advantage Technology Solutions, LLC, located at 514 Kennedi Drive, Whitesboro, TX 76273.

11.    At all relevant times hereto, Defendant Clear has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

12.    For monetary fees, Defendant Clear regularly engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

13.    The Fair Credit Reporting Act governs the conduct of CRAs, including companies like Clear, that perform employment background screening reports.

14.    To achieve accuracy of consumer reports, the FCRA requires that when a CRA prepares such a report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

15.    Consumer report information is inaccurate when it is "'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[]' effect." *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 415 (4th Cir. 2001) (citation omitted).

16.    Another provision of the FCRA applies to CRAs who furnish reports for "employment purposes."

17.    The FCRA defines "employment purposes" as "evaluating a consumer for employment, promotion, reassignment or retention as an employee." 15 U.S.C. § 1681a(h).

18.    When a CRA furnishes a report for employment purposes that contains public record information that is "likely to have an adverse effect upon a consumer's ability to obtain employment," the CRA must have one of two statutory options in place.  15 U.S.C. § 1681k(a).

19.    The first option is that, at the time that it provides the end user a report containing adverse public record information about a consumer, the CRA "shall […] notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported."  15 U.S.C. § 1681k(a)(1).

20.    If it opts not to notify each consumer each time an employment background check includes adverse public record information, the CRA must "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability

to obtain employment is reported it is complete and up to date." 15 U.S.C. §

1681k(a)(2) (emphasis added)

21.    Additionally, Congress did not want consumers to be burdened

with stale adverse information in their consumer reports. *See* S. Rep. No 91-

517, at 1 (1969). For this reason, the FCRA requires CRAs to exclude most

adverse information that is older than seven years. 15 U.S.C. § 1681c(a).

This mandate is further cemented by the FCRA's requirement that CRAs use

reasonable procedures to ensure they do not include outdated adverse

information in their reports. 15 U.S.C. § 1681e(a).

22.    Adverse items of information, such as records of arrest which

antedate the consumer report by more than seven years, may be included in a

consumer report, but only for consumer reports used in connection with the

employment of any individual at an annual salary which equals, or which may

be reasonably expected to equal $75,000, or more. *See* 15 U.S.C.

§ 1681c(b)(3).

23.    Clear violated each of the aforementioned sections when it

furnished a consumer report on Ms. McDonald to H&H.

24.    Congress also sought to protect consumers through the FCRA by

creating heightened standards regulating how employers obtain and use

information in consumer reports to conduct background checks on prospective employees.  15 U.S.C. § 1681b(b)(3).

25.    The FCRA requires employers to provide certain notices to the subjects of the consumer reports before taking an adverse employment action whenever that action is based, even just in part, on a consumer report. Specifically, under 15 U.S.C. § 1681b(b)(3):

> in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
>
> (i)    a copy of the report; and
> (ii)   a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3)1 of this title.

26.    The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before an employment decision has been made.  Providing the identity of the consumer reporting agency, a copy of the consumer report, and a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete and misleading public-records-based reports.

27.    When an employer denies an individual these substantive rights, the individual may sue to redress a breach of these substantive rights and, if successful, be awarded actual, statutory and/or punitive damages.  15 U.S.C. § 1681n.

28.    H&H violated this section of the FCRA.

29.    In June 2025, H&H offered Ms. McDonald a job as a Billing Specialist pending her successful completion of a background check

30.    The job offer included, amongst other things, an annual salary of $52,500, $300 per month toward the cost of medical benefits, private health insurance for Ms. McDonald and her family, a life insurance policy, and an employer-401K match after Ms. McDonald's one-year anniversary.

31.    Ms. McDonald accepted H&H's job offer.

32.    To evaluate Ms. McDonald for employment purposes, H&H purchased a consumer report on Ms. McDonald from Clear.

33.    Within days of the purchase, Clear furnished its consumer report to H&H.

34.    At the time Clear furnished Ms. McDonald's consumer report to H&H, it did not provide Ms. McDonald with notice of that it was furnishing the consumer report to H&H.

35.    Shortly after H&H received Clear's consumer report, Kaitie Christensen, H&H's Director of Human Resource, emailed Ms. McDonald and rescinded the job offer:

> Hi JoLisa, as part of your employment with Hearts and Hands we ran a background check screening. Unfortunately we are unable to offer you employment at this time due to convictions for child abuse and assault that were found on your record.

> We wish you best of luck in your future endeavors.

36.    H&H had not provided Ms. McDonald with a copy of her consumer report when it sent her the email.

37.    H&H had not provided Ms. McDonald with a copy of her rights under the FCRA when it sent her the email.

38.    H&H knew that it was required under the FCRA to send Ms. McDonald a copy of her consumer report and her FCRA rights before it made an adverse employment decision that was based on whole or in part on the consumer report.

39.    Ms. Christensen is a member of the Society for Human Resource Management ("SHRM").

40.    As an SHRM member, Ms. Christensen was aware of the FCRA

41.    As an SHRM member, Ms. Christensen has training under the FCRA.

42.    Ms. Christensen was aware of the FCRA and H&H's FCRA obligations when she emailed Ms. McDonald the employment denial.

43.    Additionally, Clear provides to its some or all of its clients, including H&H, sample "Adverse Action Letters" and "'Before' Adverse Action Letters."

44.    Clear tells some or all of its clients, including H&H, that it must "Send the first letter – 'Before' Adverse Action Letter - to an applicant or employee before any adverse employment action is taken."

45.    To try to figure out why her employment offer had been rescinded, Ms. McDonald emailed Ms. Christensen and asked for the consumer report after she received H&H's email.

46.    Ms. Christensen responded to Ms. McDonald's email:  "I have forwarded your request to our corporate counsel.  Our general counsel is out of the office today."

47.    The next day, Ms. Christensen forwarded to Ms. McDonald a copy of her consumer report and a link to her FCRA rights:  "Please see the attached background check completed by CIA Research and notice of your rights:       https://files.consumerfinance.gov/f/documents/bcfp_consumer-rightssummary_2018-09.pdf."

48.    The link provided by Ms. Christensen is not a valid link and does not contain a copy of Ms. McDonald's FCRA rights.

49.    To this day, H&H still has not provided Ms. McDonald with a copy of her FCRA rights.

50.    Once Ms. McDonald received her consumer report, she discovered that Clear had reported that she was guilty of multiple misdemeanors in Kent County, Michigan.

51.    One case reported by Clear contained a file date of 10/27/2015 and a disposition date of 11/10/2016, and the second case contained a file date of 12/26/2017 and a disposition date of 3/13/2018.

52.    The dispositions reported by Clear were inaccurate, incomplete and not up-to-date.

53.    Both cases' original dispositions had been set aside.

54.    The public court records in Kent County, Michigan show that the original dispositions were set aside.

55.    Because the original dispositions had been set aside, they no longer constituted "convictions" under Michigan law.

56.    Clear failed to report in its consumer report that the original dispositions were set aside.

57.    Because the original dispositions were set aside, and the criminal record information that Clear reported was more than seven years old, the information should not have been reported in the first place.

58.    After Ms. McDonald received Clear's consumer report, she notified Clear that it had reported inaccurate information.

59.    Clear conducted an investigation of Ms. McDonald's dispute.

60.    On July 2nd, Clear notified Ms. McDonald that it had "removed the disputed information from your report," and it provided her with an amended version of the consumer report.

61.    The amended consumer report no longer contained any criminal record information.

62.    In addition, Clear informed Ms. McDonald that it "cut off Hearts and Hand Therapy Services' access to your original consumer report and made clear to Hears and Hands that Clear Investigative Advance will not run any additional background checks for the organization until they demonstrate that they are using legal-compliant disclosure and authorization paperwork."

63.    Clear's corrections to its reporting were too late.  To this day, H&H still has failed to move forward with Ms. McDonald's employment.

64.    As a result of this conduct by Defendants, Ms. McDonald has suffered actual damages including without limitation, by example only and as

described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

## (against Clear)

65.    Plaintiff realleges Paragraph Nos. 1-64 as if fully set forth herein.

66.    Clear violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

67.    Clear reported information about Plaintiff that it had reason to know was inaccurate.

68.    Clear knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

69.    Clear obtained or had available substantial written materials that apprised it of its duties under the FCRA.

70.     Despite knowing of these legal obligations, Clear acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

71.     Clear's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Clear was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

72.     As a result of this conduct by Clear, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

73.     Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Clear as may be just and proper.

## SECOND CLAIM FOR RELIEF
## (15 U.S.C. § 1681c)
### (against Clear)

74.     Plaintiff realleges Paragraph Nos. 1-64 as if fully set forth herein.

75.     The FCRA prohibits CRAs from reporting adverse information, other than records of convictions of crimes, that antedate the consumer report by more than seven years. 15 U.S.C. § 1681c.

76.    Clear violated Section 1681c by reporting non-conviction criminal record information about Plaintiff that antedated the report by more than seven years.

77.    Clear knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

78.    Clear obtained or had available substantial written materials that apprised it of its duties under the FCRA.

79.    Despite knowing of these legal obligations, Clear acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

80.    Clear's violation of 15 U.S.C. § 1681c was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Clear was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

81.    As a result of this conduct by Clear, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

82.    Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Clear as may be just and proper.

## THIRD CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(a))

## (against Clear)

83.    Plaintiff realleges Paragraph Nos. 1-64 as if fully set forth herein.

84.    The FCRA requires CRAs to "maintain reasonable procedures designed to avoid violations of section 1681c."  15 U.S.C. § 1681e(a).

85.    Clear willfully violated Section 1681e(a) of the FCRA by failing to maintain reasonable procedures to avoid reporting obsolete adverse public record information about Plaintiff.

86.    Clear knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

87.    Clear obtained or had available substantial written materials that apprised it of its duties under the FCRA.

88.    Despite knowing of these legal obligations, Clear acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

89.    Clear's violation of 15 U.S.C. § 1681e(a) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Clear was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

90.    As a result of this conduct by Clear, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

91.    Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Clear as may be just and proper.

## FOURTH CLAIM FOR RELIEF

## (15 U.S.C. § 1681k)

## (against Clear)

92.    Plaintiff realleges Paragraph Nos. 1-64 as if fully set forth herein.

93.    Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment

purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

94.    Clear violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about her at the time it furnished such information to her prospective employer, and by failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

95.    Clear knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

96.    Clear obtained or had available substantial written materials that apprised it of its duties under the FCRA.

97.    Despite knowing of these legal obligations, Clear acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

98.    Clear's violation of 15 U.S.C. § 1681k was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Clear was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

99.    As a result of this conduct by Clear, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

100.    Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Clear as may be just and proper.

## FIFTH CLAIM FOR RELIEF

## (15 U.S.C. § 1681b(b)(3))

## (against H&H)

101.    Plaintiff realleges Paragraph Nos. 1-64 as if fully set forth herein.

102.    H&H used a consumer report to take an adverse employment action against Plaintiff.

103.   H&H violated Section 1681b(b)(3)(A) by failing to provide Plaintiff with a copy of the consumer report and a description of her rights under the FCRA before taking an adverse employment action against her that was based, even in part, on the consumer report.

104.   H&H's practice violates one of the most fundamental protections afforded to employees under the FCRA and runs counter to longstanding regulatory guidance.  (Federal Trade Commission letter dated June 9, 1998, to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the FCRA) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken.  Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action.  Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information…").

105.   H&H knew or should have known about its obligations under the FCRA.  These requirements are well established in the plain language of the FCRA, in the promulgation of the Federal Trade Commission, and in well-established caselaw.  *See Reardon v. Closetmaid Corp.*, No. 2:08-cv-01730,

2013 WL 6231606 (W.D. Pa. Dec. 2, 2013) (certifying class against company for employment applicants who did not receive pre-adverse action notice); *Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2013 WL 5506027 (D. Md. Oct. 2, 2013) (class settlement for violation of Section 1681b(b)(3)(A)); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880 (S.D. Oh. May 24, 2013)(class settlement for pre-adverse action class); *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012)("The 'clear purpose' of this section is to afford employees time to 'discuss reports with employers or otherwise respond before adverse action is taken.") (internal quotations omitted); *Beverly v. Wal-Mart Stores, Inc.*, CIV. A. 3:07CV469, 2008 WL 149032 (E.D. Va. Jan. 11, 2008) ("Simultaneous provision of a consumer report with a notice of adverse action fails to satisfy § 1681b(b)(3)(A) requirement. Accordingly, the Court finds that a reasonable jury could find that defendant violated § 1681b(b)(3)(A) when it took adverse action before it provided plaintiff with a copy of his consumer report."); *Williams v. Telespectrum*, Civ. No. 3:05cv853 (E.D. Va. 2006) ("An employer must provide a copy of the report with "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report.").

106. Despite knowing of these legal obligations, H&H acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

107. H&H's violation of 15 U.S.C. § 1681b(b)(3) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, H&H was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

108. As a result of this conduct by H&H, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

109. Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against H&H as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.   That judgment be entered for Plaintiff against Defendants for actual and/or statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

     b.    That the Court grant such other and further relief against

Defendants as may be just and proper, including but not

limited to any equitable relief that may be permitted.

## <u>DEMAND FOR JURY TRIAL</u>

PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.

DATED: July 16, 2025

By: /s/ Andrew L. Weiner
Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand
Georgia Bar No. 181568
WEINER & SAND LLC
6065 Roswell Road, Suite 700-121
Sandy Springs, GA  30328
(404) 205-5029 (Tel.)
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@wsjustice.com
js@wsjustice.com

COUNSEL FOR PLAINTIFF